UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

KRISTEN DOUGHTY,                          :
          Plaintiff,                      :
                                          :
     v.                                   :        C.A. No. 25-68-MRD
                                          :
SOUTH COUNTY HOSPITAL                     :
HEALTHCARE SYSTEM,                        :
          Defendant.                      :

**ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is the motion of Plaintiff Kristen Doughty brought

pursuant to Fed R. Civ. P. 37 to strike objections and to compel Defendant South County

Hospital Healthcare System to produce certain agreed-upon documents and to produce

comparator evidence (sought by interrogatories and document requests) for the entire healthcare

system over a five-year period.  ECF No. 13.  Based on the parties' arguments presented in

writing and at a hearing, the Court hereby rules as follows:

I.       Regarding the agreed-upon production addressed by Plaintiff in ECF No. 13-1 at

9-14, based on compliance and the representation of Defendant that the ESI review will be

concluded and the documents produced by August 12, 2026,[1] the motion to compel is passed

without prejudice to Plaintiff returning to the Court if this production is not completed as agreed.

II.      Regarding the comparator discovery, the Court finds that Plaintiff's Complaint

clearly establishes that the anti-FMLA animus that is foundational to all of her claims allegedly

occurred in the Center for Women's Heath ("Center") and is factually linked to the attitudes and

---

[1] The parties agree that this will require an extension of the pretrial deadlines.  They will be filing an agreed-upon motion to extend following a meet and confer regarding what is the additional time that they expect is necessary. This extension may well impact all deadlines, not just the fact discovery closure date.

conduct of her two supervisors, Christine Cabral ("Cabral") and LaDawn Marafitte ("Marafitte"). In light of the absence of any evidence permitting the inference that the anti-FMLA animus alleged in the Complaint infected other areas of the healthcare system and the decisions of other managers and/or supervisors, the Court finds that comparator discovery beyond what the Complaint alleges is overbroad, irrelevant and disproportional, as well as that it would be extremely burdensome not just for Defendant, but also for the hundreds of current and former employees of Defendant whose intensely personal and private information would be exposed to Plaintiff's review without notice to them. As stated during the hearing, this ruling is without prejudice to Plaintiff seeking to expand the production of comparator evidence based on concrete facts permitting the inference that more would be relevant and proportional. Because of the time that will be required to locate the comparator information and documents, the Court orders that this discovery shall be completed by August 20, 2026, provided that if it can be produced sooner, Defendant shall strive to do so.

A.    As to Interrogatories 18-20, Defendant shall provide information regarding all Center employees who, while supervised by Cabral or Marafitte, took FMLA leave. As to each, Defendant shall state (a) whether, during the six-month period following the end of the leave, the employee was disciplined for inappropriate and/or unprofessional conduct, the discipline imposed (and whether it was consistent with graduated discipline for the same conduct and whether it was reversed), as well as whether the employee separated from employment at the Center, together with the date and reason (if known) for separation; and (b) whether, during the one-year period following the end of the leave, the employee was separated from employment at the Center as an involuntary termination for

2

the conduct the for which discipline was imposed during the six-month period as described above, together with the date of separation.  The identity of the employees shall be redacted, provided that a unique identifier shall be used to distinguish each.

B.   As to Document Requests 23 and 30, Defendant shall produce all documents comprising complaints (without limitation as to the author of the document), both internal and directed to an agency or court, about the handling of FMLA by Cabral and/or Marafitte impacting employees of the Center.  Defendant shall not produce documents pertaining to complaints by and about Plaintiff, which have already been provided.  Defendant shall also produce documents sufficient to show how Defendant responded (if at all) to each complaint.

C.   As to Document Requests 25-26, Defendant shall produce from the specified employees' highly confidential and intensely private personnel files documents sufficient to show the circumstances of the discipline and the separation that is identified as potentially relevant in the answers to Interrogatories 18-20, provided that Defendant is cautioned that it may not withhold any document and subsequently seek to rely on it.  Further, to the extent that Defendant deems any document pertinent to its defense and produces it, it must also produce all other documents in the same class.  These documents shall be produced with access limited to attorney's eyes only and the identity of the employees shall be redacted, provided that a unique identifier shall be used to distinguish each.

Based on the foregoing, Plaintiff's motion to strike and to compel (ECF No. 13) is hereby GRANTED in part and DENIED IN PART.

3

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
July 16, 2026